# EXHIBIT D

RUSS
AUGUST
& KABAT
LAWYERS

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Amir Naini
Email: anaini@raklaw.com

March 9, 2015

RECEIVED
MAR 1 0 2015
LEGAL DEPARTMENT

**Via FedEx and Email**

Arnold A. Pinkston (pinkston_arnold@allergan.com)
Executive Vice President and General Counsel
Allergan, Inc.
2525 Dupont Drive
Irvine, CA 92612

    **Re:**     **Combigan – U.S. Patent No. 7,030,149 –
Pursuant to Rule 408 of the Federal Rules of Evidence**

Dear Mr. Pinkston:

    Our firm represents Ferrum Ferro Capital, LLC ("FFC") with respect to intellectual property matters. FFC is a privately held venture focused upon innovation, the strategic deployment of capital towards socially beneficial ends, and related investment strategies. One of FFC's core social interests is expanding the availability of lower-cost pharmaceutical products for senior citizens suffering from debilitating medical conditions such as glaucoma.

    FFC greatly appreciates the role Allergan plays in distributing pharmaceuticals, including Combigan, to treat conditions such as glaucoma. FFC has recently become concerned, however, that Allergan has asserted and continues to assert patents which FFC believes are invalid to enjoin generic producers of brimonidine/timolol solutions through at least April 22, 2022 from offering any lower-cost formulations that would compete with Combigan. As you know, Combigan is a simple combination of two previously known active ingredients. Allergan's Combigan patents are therefore not on the individual active ingredients but on an obvious combination of the ingredients and methods of using the combination. As you also know, the Federal Circuit has already invalidated certain Combigan patent claims. While FFC respects legitimate intellectual property rights, Allergan's stated intentions to thwart competition using these patents will likely continue to exacerbate the significant cost burdens of medical treatment for affected patients and their families.

    Turning to patent claims that Allergan is using as a basis to enjoin generic competitors, FFC's diligent investigation and consultation with experts has revealed that Claim 4 of U.S. Patent No. 7,030,149 ("'149 Patent") is invalid, and can thus be successfully challenged at the United States Patent and Trademark Office ("USPTO"). We trust you are aware of the increasingly important role *inter partes* review ("IPR") proceedings play in expeditiously eliminating invalid patents. In contrast to the advantages pharmaceutical patent owners enjoy in Hatch-Waxman district court litigation, the Administrative Patent Judges of the USPTO's Patent Trial & Appeal Board ("PTAB") that adjudicate IPRs apply a broader standard for claim interpretation (thus making more prior art applicable

RUSS AUGUST & KABAT
LAWYERS

Arnold Pinkston, Allergan
March 9, 2015
Page 2

for invalidation of the claims) and a meaningfully lower burden of proof for invalidity.

Accordingly, FFC filed an IPR petition today to invalidate Claim 4 of the '149 Patent and is preparing petitions for the other Combigan patents listed in the FDA Orange Book. FFC is confident that, at a minimum, the IPR petition for the '149 Patent presents a significant and terminal threat to Allergan's exclusive rights to distribute Combigan. In the recent Federal Circuit decision on the '149 Patent, Judge Dyk's powerful dissent called into question the validity of the '149 Patent even under the standards applicable in district court litigation. Specifically, Judge Dyk interpreted the claims more broadly than the other judges, and would have invalidated under that interpretation. In an IPR, the *broadest reasonable interpretation* is applied, and this broadest reasonable interpretation undeniably encompasses Judge Dyk's interpretation under which the '149 Patent falls. Moreover, the PTAB's rigorous adherence to the "broadest reasonable interpretation" standard in IPRs was recently affirmed by the Federal Circuit in *In Re Cuozzo Speed Technologies, LLC*, No. 2014-1301, 2015 U.S. App. LEXIS 1699 (Fed. Cir. Feb. 4, 2015).

For your reference, I have enclosed a copy of the '149 Patent IPR petition. As you will see, the application of a broader claim interpretation in the IPR proceeding leads to a straightforward and compelling rationale in this case for the PTAB to invalidate for obviousness. Also, to the extent Allergan attempts to take solace in the other Combigan patents, FFC is highly confident it will prevail in challenging them in IPR proceedings, including because of the broadest reasonable interpretation standard and the lower burden of proof for invalidity (i.e., preponderance of the evidence).

As you know, absent a statutory bar arising from a prior infringement suit, any member of the public may petition for IPR of a patent. FFC is in no way affiliated, or in privity, with Sandoz, Alcon, Hi-Tech, Apotex, Watson, or any other party who may be barred from petitioning for IPR of the '149 Patent. As you are likely further aware, upon institution of the IPR by the PTAB, formerly time-barred defendants, such as Sandoz et al., will have the opportunity to file petitions of their own and join in the ongoing invalidation proceedings. While FFC is acting independently of any time-barred producers of brimonidine/timolol solutions, Allergan should be mindful that FFC's IPR could result in these parties joining the fast-track challenge of the '149 Patent. The same scenario would also apply to IPRs of the other Combigan patents.

In addition, FFC is prepared to seek FDA approval via a Paragraph III ANDA filing to produce and market a generic brimonidine tartrate/timolol maleate ophthalmic solution with a Contract Manufacturing Partner ("CMP") upon the invalidation of the Combigan Orange Book-listed patents; for reference, an excerpt of the proposed FDA filing is enclosed. Because the USPTO is statutorily required to complete IPR proceedings within 18 months after petition filing, this fast-track proceeding would allow FFC and its CMP to start selling a generic brimonidine tartrate/timolol maleate ophthalmic solution years before the Combigan patents' current expiration dates.



Arnold Pinkston, Allergan
March 9, 2015
Page 3

  Despite the significant time and resources FFC has dedicated to the '149 Patent IPR petition and its on-going work on the other Combigan patents, our client firmly believes a company such as Allergan should be given a single opportunity to support FFC's core social and investment interests before other time-barred producers are able to file for joinder in the '149 Patent IPR, and before FFC files additional IPR petitions against the other Combigan patents and proceeds with a Paragraph III filing. As such, FFC is amenable to discussing an immediate and confidential settlement with Allergan.

  We look forward to hearing from you by Wednesday, March 18, 2015, so that we can explore the feasibility of an immediate resolution. I am available at my direct line at 310-979-8289 or via email at anaini@raklaw.com.

Very truly yours,

Russ, August & Kabat

Amir Naini

Enclosures