Marc J. Randazza (California Bar No. 269535)
D. Gill Sperlein (California Bar No. 172887)
RANDAZZA LEGAL GROUP
345 Grove Street
San Francisco, CA 94102
Telephone: 415-404-6615
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Defendant,
*Ferrum Ferro Capital, LLC, and Kevin Barnes*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>           Plaintiff(s),<br><br>    vs.<br><br>FERRUM FERRO CAPITAL, LLC; KEVIN BARNES,<br><br>           Defendants. | Case No. 8:15-CV-00992-JAK-PLA<br><br>**DEFENDANT KEVIN BARNES' NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S STANDING ORDER AND TO STAY DISCOVERY**<br><br>**Date:** November 9, 2015<br>**Time:** 8:30 AM<br>**Judge:** Hon. John A. Kronstadt<br>**Courtroom:** 750, 7th Floor |

**TO THE HONORABLE COURT AND TO ALL PARTIES**:

PLEASE TAKE NOTICE that on November 9, 2015 at 8:30 A.M., or as soon thereafter as this matter may be heard, before the Honorable John A. Kronstadt, in Courtroom 750 of the United States Courthouse for the Central District of California, Western Division,

- 1 -
Notice of Motion

located at 255 East Temple Street Los Angeles, CA 90012, Defendants Ferrum Ferro Capital, LLC ("FFC") and Kevin Barnes will and hereby do move this Court for relief from the Court's Standing Order allowing pre-initial case management conference discovery and an order staying all discovery proceedings until after the Court has ruled on Defendants' Special Motion to Strike, or unless Plaintiffs demonstrate by separate motion that such discovery is essential to respond to Defendants' Anti-SLAPP Motion.[1]

Pursuant to Local Rule 7-3, on July 30, 2015 counsel for Defendants Ferrum Ferro Capital, LLC and Kevin Barnes, Gill Sperlein, called counsel for Plaintiffs Allergan, Inc. and Allergan Sales, Inc., Michael Amon, in an attempt to confer regarding this motion. Counsel were unable to reach a resolution of the issues discussed in this motion.

This motion is based upon the following Memorandum of Points and Authorities, any exhibits filed therewith, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing on this motion.

---

[1] Defendants believe this is the proper Court to hear this motion, as it is intricately related to Defendants' Special Motion to Strike and addresses the question of whether discovery should be permitted at all, rather than disputes as to particular discovery requests. Moreover, the Court's standing Order only allows Parties to engage in pre-Rule 26 discovery when there is not a likelihood that the Court will order that any or all discovery is premature. (See, Dkt. No.13 at ¶8(b).) During the meet and confer process, Plaintiffs' Counsel indicated they disagreed with this position and believe this Motion should be filed with a Magistrate.

- 2 -
Notice of Motion

| | |
|---|---|
| Dated: August 10, 2015 | Respectfully Submitted, |
| | RANDAZZA LEGAL GROUP |
| | */s/ D. Gill Sperlein* |
| | Marc J. Randazza, Esq. |
| | California Bar No. 269535 |
| | D. Gill Sperlein, Esq. |
| | California Bar No. 172887 |
| | Randazza Legal Group |
| | 345 Grove St |
| | San Francisco, CA 94102 |
| | |
| | Attorneys for Defendants, |
| | Ferrum Ferro Capital, LLC, and |
| | Kevin Barnes |

Marc J. Randazza (California Bar No. 269535)
D. Gill Sperlein (California Bar No. 172887)
RANDAZZA LEGAL GROUP
345 Grove Street
San Francisco, CA 94102
Telephone: 415-404-6615
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Defendant,
*Ferrum Ferro Capital, LLC, and Kevin Barnes*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>    Plaintiff(s),<br><br>vs.<br><br>FERRUM FERRO CAPITAL, LLC; KEVIN BARNES,<br><br>    Defendants. | Case No. 8:15-CV-00992-JAK-PLA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KEVIN BARNES' MOTION FOR RELIEF FROM THE COURT'S STANDING ORDER AND TO STAY DISCOVERY**<br><br>**Date:** November 9, 2015<br>**Time:** 8:30 AM<br>**Judge:** Hon. John A. Kronstadt<br>**Courtroom:** 750, 7th Floor |

**Table of Contents**

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................1

   1.0   INTRODUCTION ...............................................................................................1

   2.0   LEGAL STANDARD ..........................................................................................2

   3.0   ARGUMENT .......................................................................................................3

      3.1   All Discovery Should Be Stayed Until the Anti-SLAPP Motion Is Resolved ..3

         3.1.1 Plaintiffs' Complaint is legally deficient, and thus discovery would be fruitless..........................................................................................................3

         3.1.2 Plaintiffs' discovery requests are premature under the Court's Standing Orders.......................................................................................5

      3.2   Defendants Should Only Be Required to Respond to Discovery Requests That Plaintiffs Demonstrate Are Essential to Respond to the Anti-SLAPP Motion ..............................................................................................................6

         3.2.1 Requests related to FFC's corporate and financial status are not relevant to Plaintiffs' claims...............................................................8

         3.2.2 Requests related to Defendants' marketing and development of medical products are not relevant to Plaintiffs' claims ........................9

         3.2.3 Requests related to Defendants' plans to use the IPR process are not relevant to Plaintiffs' claims..............................................................10

         3.2.4 Requests related to settlement discussions are not relevant to Plaintiffs' claims..............................................................................11

         3.2.5 Requests related to Defendants' research and analysis of Allergan patents are not relevant to Plaintiffs' claims.......................................12

   4.0   CONCLUSION .................................................................................................13

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ---------------------------------------------------------- 4

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ---------------------------------------------- 2, 3

*Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043 (2007) -------- 2

*Davis v. Elec. Arts, Inc.*, 2011 U.S. Dist. LEXIS 71642, *12 (N.D. Cal. July 5, 2011) -- 4, 7

*Metabolife Int'l v. Wornick*, 64 F.3d 832 (9th Cir. 2001) -------------------------------------- 4

*Price v. Stossel*, 1266 (C.D. Cal. 2008) ---------------------------------------------------- 2, 7

*Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999) -- 3, 4

*Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798 (Cal. Ct. App. 2002) ------------ 2

*Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) ------------------------------------------ 3

**STATUTES**

35 U.S.C. § 311 -------------------------------------------------------------------------------------- 1

Cal. Code Civ. Proc. § 425.16 ---------------------------------------------- 1, 2, 5, 6, 13

Fed. R. Civ. P. 12(b)(6) -------------------------------------------------------------------------- 4

Fed. R. Civ. P. 26(f) ------------------------------------------------------------------------------ 5

Fed. R. Civ. P. 56 --------------------------------------------------------------------------------- 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0   INTRODUCTION

Plaintiffs filed this Strategic Lawsuit Against Public Participation ("SLAPP" suit) against Defendants in retaliation for their protected petitioning activity of seeking Inter Partes Review ("IPR") with the United States Patent and Trademark Office's ("USPTO's") Patent Trial & Appeal Board ("PTAB") of Plaintiffs' '149 patent, as they were entitled to under 35 U.S.C. § 311. They filed this suit, alleging unsupportable causes of action, for the purpose of stopping Defendants' IPR proceeding and intimidating any other potential challengers of its obvious and invalid '149 patent.

This is the hallmark of the SLAPP plaintiff. And in true SLAPP fashion, on July 17, 2015, Plaintiffs served Defendants with burdensome and irrelevant discovery requests in order to drive up legal defense costs as quickly as possible. (*See* Plaintiffs' First Set of Interrogatories to Defendant Ferrum Ferro Capital, LLC, attached as **Exhibit 1**; first set of First Set of Interrogatories to Defendant Kevin Barnes, attached as **Exhibit 2**; Plaintiffs' First Set of Requests for Production to Defendant Ferrum Ferro Capital, LLC, attached as **Exhibit 3**; *and* Plaintiffs' First Set of Requests for Production to Defendant Kevin Barnes, attached as **Exhibit 4**.) In order to resolve this meritless action as quickly as possible, Defendants filed a Special Motion to Strike under Cal. Code Civ. Proc. § 425.16, California's Anti-SLAPP statute, on August 10, 2015 (Dkt. No. 026). The filing of an Anti-SLAPP motion automatically stays discovery under California law,

and so Plaintiffs' discovery requests are premature, particularly given their lack of any tendency to uncover relevant information.

## 2.0 LEGAL STANDARD

California's Anti-SLAPP statute is a creation of state law, but it applies in federal court. *See Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *see also Price v. Stossel*, 1266 (C.D. Cal. 2008) ("[I]t is beyond dispute that the California anti-SLAPP motion is available in federal court").

The Legislature enacted § 425.16 to protect defendants from interference with the exercise of their constitutional rights, *particularly* the right to petition the government, as Defendants did just before this case, and in retaliation Allergan brought this suit. *See Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043, 1052 (2007); *see also Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 806 (Cal. Ct. App. 2002) ("The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings").

Cal. Code Civ. Proc. 425.16(g) provides that:

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to [the Anti-SLAPP statute]. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision."

The effect of this provision is to "create a default rule that allows the defendant served with a complaint to immediately put the plaintiff

Memorandum of Points and Authorities

to his or her proof before the plaintiff can conduct discovery." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999). Thus, under California law, all discovery in this case must be stayed until Defendants' Anti-SLAPP motion is resolved. This result aligns with the purpose of the Anti-SAPP statute, as a SLAPP plaintiff by definition knows his case is meritless and merely wishes to make litigation as expensive as possible, frequently through burdensome early discovery.

## 3.0 ARGUMENT

### 3.1 All Discovery Should Be Stayed Until the Anti-SLAPP Motion Is Resolved

#### 3.1.1 Plaintiffs' Complaint is legally deficient, and thus discovery would be fruitless

While the *Batzel* court determined that the substantive immunity afforded by California's Anti-SLAPP statute applies in federal court, there is some division in the Ninth Circuit as to whether and to what extent the statute's discovery-staying provisions apply in federal court. A provision of a state statute cannot apply in federal court "if it is in 'direct collision' with the Federal Rules." *Rogers*, 57 F. Supp. 2d at 979 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980)).

A key determination in deciding whether the discovery-staying provisions apply is the nature of the Anti-SLAPP motion. While typically thought of in terms analogous to a motion for summary judgment, Anti-SLAPP motions can also be based upon legal deficiencies in a complaint, similar to a motion to dismiss under Fed.

R. Civ. P. 12(b)(6). *See Rogers*, 57 F. Supp. 2d at 976. Courts in the Ninth Circuit have found that an Anti-SLAPP motion that relies on extrinsic evidence and is treated as a motion for summary judgment cannot stay discovery, as doing so would contravene the purpose of Fed. R. Civ. P. 56. *See id*. at 982; *see also Metabolife Int'l v. Wornick*, 64 F.3d 832, 846 (9th Cir. 2001); *and see Davis v. Elec. Arts, Inc.*, 2011 U.S. Dist. LEXIS 71642, *12 (N.D. Cal. July 5, 2011). A stay on discovery of an Anti-SLAPP motion reviewed under the standards of Federal Rules 8 and 12, however, i.e., analyzed as a 12(b)(6) motion, does not collide with the Federal Rules. *See Rogers*, 57 F. Supp. 2d at 982-83.

Unlike a motion for summary judgment, a motion to dismiss under Rule 12(b)(6) only tests the legal sufficiency of the complaint, and assumes the truth of all non-conclusory factual allegations. *See, Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As thoroughly explained in the Anti-SLAPP motion, even under this liberal standard Plaintiffs have not laid out a cognizable claim for relief. Plaintiffs' extortion claim is premised upon Defendants' settlement offer, not an extortionate threat, and there is no legal injury threatened by bringing a petition for IPR pursuant to the America Invents Act. Plaintiffs' unfair competition claim rests entirely on conduct made explicitly legal under California law, misrepresentations of communications from Plaintiffs and their counsel, and the conclusory statement that Defendants' IPR petition is objectively baseless. As all these actions are legal, they cannot legally make out a claim for unfair competition. And Plaintiffs' malicious prosecution claim is particularly

baseless, as Plaintiffs admit in their Complaint that this claim is premature given that the IPR petition is still pending.

Even accepting all of Plaintiffs' factual assertions as true, each cause of action is still frivolous. Accordingly, the Court should treat Defendants' Anti-SLAPP motion as a Rule 12(b)(6) motion to dismiss. Because Cal. Code Civ. Proc. § 425.16(g) does not collide with the Federal Rules as applied to such a motion, the Court should thus stay discovery proceedings until it rules on the Anti-SLAPP motion.

### 3.1.2 Plaintiffs' discovery requests are premature under the Court's Standing Orders

Even without the benefit of Cal. Code Civ. Proc. § 425.16(g)'s provisions, it is still apparent that discovery should be stayed at least until a discovery conference under Fed. R. Civ. P. 26(f).

The Court's June 25, 2015 Standing Orders (Dkt. No. 13) provide that "[t]he Court **encourages** counsel to begin to conduct discovery actively before the Scheduling Conference . . . Even if there is no agreement to conduct discovery prior to the Scheduling Conference, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) . . . ." (Dkt. No. 13 at 35.) This is not meant as an edict completely abrogating Fed. R. Civ. P. 26(d)(1)'s requirement to conduct a Rule 26(f) conference prior to conducting discovery, but rather is an encouragement for parties to resolve preliminary discovery issues so that the 26(f) conference can be more fruitful. This is made even more clear by the Court's statement that the parties should conduct discovery prior to the 26(f) conference "[u]nless

- 5 -
Memorandum of Points and Authorities

there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature." (*Id*. at 8.)

It is readily apparent that Plaintiffs' discovery requests are premature. They do not go to the merits of any of Plaintiffs' asserted causes of action, and are instead calculated to be as burdensome as possible. They are the very sort of discovery requests that Cal. Code Civ. Proc. § 425.16(g) is meant to curb, and the information sought will not assist Plaintiffs in opposing Defendants' Anti-SLAPP motion.

### 3.2 Defendants Should Only Be Required to Respond to Discovery Requests That Plaintiffs Demonstrate Are Essential to Respond to the Anti-SLAPP Motion

Even if the Court finds that Defendants' Anti-SLAPP motion should be treated as a motion for summary judgment under Rule 56, this does not entitle Plaintiffs to receive responses to their overbroad and irrelevant discovery requests. Under Rule 56(d), if a party feels that "it cannot present facts **essential** to justify its opposition" to a motion for summary judgment, the court may permit limited discovery (emphasis added). The non-moving party must specify precisely what discovery it **needs** to survive summary judgment, not the broad discovery to which it is normally entitled. Cal. Code Civ. Proc. § 425.16(g) is similar to this provision of the Federal Rules in that "[t]he court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding" the statute's stay on discovery. Courts in the Ninth Circuit have found that even with an Anti-SLAPP motion treated as a motion for summary judgment, the non-moving party must demonstrate that

- 6 -
Memorandum of Points and Authorities

the discovery they seek is essential to their opposition. *See Price v. Stossel*, 590 F. Supp. 1262, 1271 (C.D. Cal. 2008) (denying plaintiff's motion to compel discovery because discovery sought was irrelevant to issues in defendant's pending Anti-SLAPP motion); *see also Davis*, 2011 U.S. Dist. LEXIS 71642 at *20 (same).

Even a cursory review of Plaintiffs' discovery requests show that they do not seek any information that is even relevant, much less essential, to their opposition to Defendants' Anti-SLAPP motion. Most of Plaintiffs' discovery requests fall into five categories: 1) requests related to FFC's corporate and financial status; 2) requests related to Defendants' marketing and development of compounds; 3) requests related to Defendants' plans to use the IPR process; 4) requests related to settlement discussions between Defendants and third parties; and 5) requests related to Defendants' research and analysis of Allergan's patents.

During meet and confer discussions, Plaintiffs stated their position that "the vast majority of the information requested is directly related to issues that will be raised by [Plaintiffs'] proposed Anti-SLAPP motion" in opposition to Defendants' requested relief. (*See*, meet and confer email, attached as **Exhibit 5**.) This blanket assertion is not borne out by reality. There are threshold requirements for each of Plaintiffs' claims that they cannot meet, and their requested discovery will not change this. As explained in greater detail in Defendants' Anti-SLAPP motion: 1) the extortion claim fails because Defendants' settlement is not, as a matter of law, extortion, and there is no illegal threat of injury; 2) the unfair competition claim

- 7 -
Memorandum of Points and Authorities

is premised entirely on legal conduct; and 3) the malicious prosecution claim is not ripe. The latter of these claims is unquestionably deficient, as even admitted by Plaintiffs in their Complaint, and thus there is no need to discuss it here.

### 3.2.1 Requests related to FFC's corporate and financial status are not relevant to Plaintiffs' claims

These requests ask for information concerning (**1**) members, investors, and Officers of FFC (FFC Interrogatory ("FFC Rog") Nos.1, 11; FFC Request for Production "FFC RPD" No. 6), (**2**) property acquired, leased, or maintained by FFC (FFC Rog No. 2; FFC RPD Nos. 7-9, 32; Kevin Barnes Request for Production "Barnes RPD" No. 2), (**3**) FFC's business and investment strategies (FFC Rog No. 10; FFC RPD Nos. 27), (**4**) the corporation formation of FFC (FFC RPD No. 1; Barnes RPD No. 1), and (**5**) FFC's financials, including tax returns (FFC RPD Nos. 2-5).

None of this information has anything to do with Plaintiffs' claims. The corporate status and financial information of FFC are obviously unrelated to the merits of Plaintiffs' claims. To the extent Plaintiffs are trying to establish illegal conduct by their requests related to FFC's maintenance of a mail drop box and its business strategies, Plaintiffs are trying to discover a claim; they have no reason to think that any conduct of Defendants amounts to unfair competition. While some such information would potentially be discoverable under normal circumstances, under the more exacting standards of Rule 56(d), hoping against hope that a discovery

request **might** reveal something to hitch a claim to does not entitle Plaintiffs to this discovery.

### 3.2.2 Requests related to Defendants' marketing and development of medical products are not relevant to Plaintiffs' claims

These requests seek information concerning (**1**) Defendants' efforts to research and develop a generic brimonidine tartrate/timolol maleate ophthalmic solution (FFC Rog No. 3; Barnes Rog Nos. 5-7; FFC RPD Nos. 10-14; Barnes RPD Nos. 5-6, 8, 12-14, 18) and (**2**) Defendants' efforts to seek FDA approval of such compounds (FFC Rog No. 4; FFC RPD Nos. 15-17, 19; Barnes RPD Nos. 7, 9-11, 15).

It is unclear why Plaintiffs think this information has any relation whatsoever to this case. The requests have nothing to do with Defendants' ability to bring an IPR petition, as one does not need to be a competitor of a patent holder or in the process of creating a particular product to petition the PTAB under 35 U.S.C. § 311(a). Nor do the requests tend to show any sort of unfair or extortionate nature of the statement that "FFC is prepared to seek FDA approval . . . to produce and market a generic brimonidine tartrate/timolol maleate ophthalmic solution . . . upon the invalidation of the Combigan Orange Book-listed patents." (Dkt. No. 1-4 at 3.) Defendants appreciate that Plaintiffs seek substantiation of statements made in FFC's letter to them, but even full compliance with these discovery requests would bring Plaintiffs no closer to having a valid claim against Defendants. The requests are thus irrelevant, and are

- 9 -

Memorandum of Points and Authorities

certainly not essential to Plaintiffs' opposition to Defendants' Anti-SLAPP motion.

### 3.2.3 Requests related to Defendants' plans to use the IPR process are not relevant to Plaintiffs' claims

These requests seek information concerning (**1**) Defendants' communications with third parties about preparing or filing IPR petitions (FFC Rog No. 6, 12; Barnes Rog No. 8; FFC RPD Nos. 22-23; Barnes RPD Nos. 4, 17, 19-22), (**2**) planned revenue generation from Defendants' IPR petition (FFC Rog No. 7, 9; Barnes Rog No. 9; FFC RPD Nos. 26, 28-29; Barnes RPD Nos. 25-28), and (**3**) Defendants' preparation and filing of IPR petitions (Barnes Rog Nos. 1-2, FFC RPD Nos. 20, 25, 33; Barnes RPD Nos. 3, 16, 24, 33).

It is with these discovery requests that the SLAPP nature of this suit becomes especially obvious. Plaintiffs seek all information related to Defendants' preparation and filing of **any** IPR petitions, not just the one actually at issue in this case, including communications with third parties. These requests necessarily seek information protected by the attorney-client privilege, and Plaintiffs apparently hope to receive the names of other parties that they can intimidate through litigation from challenging their patents through the IPR process.

Abusive nature aside, none of these requests are relevant. Defendants have already laid out the basis for their seeking review of the '149 patent in their IPR petition, and any further information would serve only to give them an unfair advantage in that proceeding. The only potentially relevant requests are those concerning communications with any parties barred from petitioning

for IPR of the '149 patent. Plaintiffs have no reason to think there is any affiliation between Defendants and any of these parties, and the requests are merely fishing expeditions. Even if they were not, this information would go to standing to petition the PTAB, which Plaintiffs do not assert FFC lacks. Once again, these requests are not even relevant, much less necessary for Plaintiffs' opposition.

### 3.2.4 Requests related to settlement discussions are not relevant to Plaintiffs' claims

These requests seek information concerning Defendants' settlement discussions with third parties regarding other IPR petitions (FFC Rog No. 8; Barnes Rog Nos. 3-4; FFC RPD Nos. 30-31; Barnes RPD Nos. 29-31).

With these requests, Plaintiffs shift from seeking attorney-client communications and attorney work product to seeking confidential settlement communications in completely unrelated matters. Apparently, Plaintiffs think that Defendants are engaged in some kind of serial settlement scheme in which they threaten people with lawsuits and extract payment for quick dismissal. Defendants do not do this, and Plaintiffs have no reason to think they do; Plaintiffs are grasping at straws once again. Although Defendants do not engage in this behavior, these are tactics that patent trolls and SLAPP plaintiffs frequently employ. While deplorable, the remedy for this conduct is shifting of attorneys' fees in an appropriate forum, not a separate lawsuit with bumptious claims for civil extortion and unfair competition.

### 3.2.5 Requests related to Defendants' research and analysis of Allergan patents are not relevant to Plaintiffs' claims

These requests seek information concerning Defendants' analysis of Allergan's patents and the basis for their IPR petition of the '149 patent (FFC Rog Nos. 5, 12; FFC RPD Nos. 21, 24, 33; Barnes RPD Nos. 18, 23).

There is little question that these requests are included for the sole purpose of obtaining an advantage in the '149 Patent IPR proceeding. Plaintiffs seek confidential and privileged communications and work product, in the hope that they will uncover some kind of weakness in Defendants' arguments. It is obvious that this is not the proper purpose for discovery. If a plaintiff sought in discovery everything pertaining to the defendant's subjective evaluation of their case and all the research his counsel performed, the plaintiff would likely be sanctioned for seeking material obviously protected by the attorney-client privilege and the work product doctrine. That is effectively what Plaintiffs seek to do here, only the requests are directed to a proceeding in a different forum.

To the extent that any requested information might be relevant, Plaintiffs already have it. Defendants have laid out the basis for their IPR petition of the '149 Patent both in the pending PTAB proceeding and in their Anti-SLAPP motion. Defendants cannot conceive of any further discoverable information Plaintiffs think exists.

Finally, the one request that does not fall into one of the five categories enumerated above is Request for Production No. 32

addressed to Mr. Barnes, which seeks his "current *curriculum vitae*, Including any university and post-university education, and all employments held during or after [his] university and post-university education." This is the sort of arguably relevant request that is typically permitted under general liberal rules of discovery, but Mr. Barnes' education and employment history will not help Plaintiffs' survive Defendants' Anti-SLAPP motion.

**4.0   CONCLUSION**

For the foregoing reasons, the Court should stay all discovery proceedings until it rules on Defendants' pending Special Motion to Strike under Cal. Code Civ. Proc. § 425.16. In the alternative, Defendants should only be required to respond to discovery requests that Plaintiffs demonstrate are essential to its opposition to the Anti-SLAPP motion.

Dated: August 10, 2015          Respectfully Submitted,

RANDAZZA LEGAL GROUP

*/s/ D. Gill Sperlein*
D. Gill Sperlein, Esq.
California Bar No. 172887
Marc J. Randazza, Esq.
California Bar No. 269535
Randazza Legal Group
345 Grove Street
San Francisco, CA 94102

Attorneys for Defendants,
Ferrum Ferro Capital, LLC, and
Kevin Barnes

- 13 -
Memorandum of Points and Authorities

Case No. 8:15-CV-00992-JAK-PLA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

_____
Employee,
Randazza Legal Group