# EXHIBIT 1

Plaintiffs' First Set of Interrogatories
to Defendant Ferrum Ferro Capital, LLC

Michael A. Amon (SBN 226221)
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan E. Singer (SBN 187908)
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Tel: (858) 678-5070/Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FERRUM FERRO CAPITAL, LLC; KEVIN BARNES,<br><br>Defendants. | Case No. SACV 15-00992 JAK (PLAx)<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT FERRUM FERRO CAPITAL, LLC.**<br>**(NOS. 1-12)**<br><br>Judge: Hon. John A. Kronstadt |

INTERROGATORIES – SET ONE
Case No. SA CV 15-00992 FMO (PLAx)

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan"), herby requests that Defendant Ferrum Ferro Capital, LLC ("FFC") respond to the following interrogatories separately, fully, and under oath within thirty (30) days of service. The following definitions and instructions apply.

## DEFINITIONS & INSTRUCTIONS

1. "FFC," "You," and "Your" means Ferrum Ferro Capital, LLC, Including all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliated entities (Including sister corporations), all of their past and present directors, officers, employees, agents, representatives, consultants, attorneys, and others acting in cooperation with or on behalf of FFC.

2. "Barnes" means Defendant Kevin Barnes, Including any of his affiliated Entities, any Entity of which he is a member or corporate officer, director, or manager, and all others acting in cooperation with or on behalf of Barnes.

3. "Allergan" means "Allergan, Inc. and Allergan Sales, LLC, collectively and individually, Including all of its directors, officers, agents, representatives, employees, consultants, predecessors, subsidiaries, and others acting in cooperation with or on behalf of Allergan.

4. "The '149 patent" means U.S. Patent No. 7,030,149.

5. "FDA" means the United States Federal Food and Drug Administration.

6. "IPR" means *inter partes* review as codified at 35 U.S.C. § 311.

7. "Document" and "Document and Things" incorporate the full meaning of Rule 34 of the Federal Rules of Civil Procedure, and Includes all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Defendant's actual or constructive custody, possession, or control, regardless of the medium on which they are

1

1  produced, reproduced, or stored (Including computer programs and files containing any
2  requested information), and any recording or writing, as these terms are defined in Rule
3  1001, Federal Rules of Evidence, as well as any electronic documents Including
4  electronic mail. Any document bearing marks, Including initials, stamped initials,
5  comments, or notations not a part of the original text or photographic reproduction
6  thereof, constitutes a separate document.
7      8.   "Entity" or "Entities" means any group, association, organization, firm,
8  corporation, joint venture, trust, or partnership, regardless of whether it is legally
9  recognized.
10     9.   "Person" means any natural person or individual as well as any Entity and
11 its agents and employees.
12     10.  "Relate," "Related to," "Relating to," or "Concerning" means constituting,
13 pertaining to, mentioning, commenting on, connected with, discussing, describing,
14 identifying, analyzing, explaining, showing, reflecting, dealing with, comprising,
15 consisting of, containing, resulting from, supporting or regarding a particular subject in
16 whole or in part, either directly or indirectly.
17     11.  "Including" means including but not limited to.
18     12.  "Communication" means any transmission of information, Including every
19 manner or means of statement, utterance, notation, disclaimer, transfer or exchange of
20 information of any nature whatsoever, by or to whomever, whether oral or written,
21 whether face-to-face or by telephone, mail, personal delivery or otherwise, and Including
22 letters, correspondence, conversations, memoranda, dialogue, discussions, meetings,
23 interviews, consultations, agreements and other understandings.
24     13.  "Date" means and refers to the exact day, month and year, if ascertainable,
25 or if not, Your best approximation thereof.
26     14.  The singular form of a word should be interpreted in the plural as well and
27 vice versa. Any pronoun shall be construed to refer to the masculine, feminine, or
28 neuter gender as in each case as most appropriate.

15. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive. The terms "any" and "all" should be given their most inclusive meaning.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. Where these interrogatories request that FFC "identify" a communication, FFC shall: (1) state the date and place of the communication; (2) identify each person who was present at, involved in, or participated in the communication; (3) identify the type of communication (e.g., letter, telegram, conference, meeting, telephone conversation); (4) state the substance of the communication; and (5) identify each document that reports, states, or constitutes the communication.

18. Where these interrogatories request that FFC "identify" a natural person, FFC shall state with respect to the person: (1) his or her name; (2) his or her present or last-known business or home address; (3) his or her last-known business or home telephone number; and (4) his or her present or last-known employer and his or her present or last-known position.

19. Where these interrogatories request that FFC "identify" a document, FFC shall: (1) identify all person(s) who drafted or authored the document; (2) identify all person(s) who received, reviewed, or approved the document; (3) state when the document was prepared; (4) state the document's present location; (5) identify the type of document (*e.g.*, letter, memorandum, tape recording, or other form of document); (6) state the title or provide a description of the document with the specificity required to allow it to be requested by a subpoena or a request for production of documents; and (7) provide any additional information necessary to identify and locate the document.

20. In responding to the following interrogatories, You are required to furnish such information as is available to You or within Your control, including but not limited to information in the possession of Your investigators, employees, agents, representatives, guardians, attorneys, investigators for Your attorneys, or any other

3
INTERROGATORIES – SET ONE
Case No. SA CV 15-00992 FMO (PLAx)

person or persons acting on Your behalf and not merely information personally known by the individual responding to the interrogatories.

21. If You cannot answer the interrogatories in full, please answer them to the extent You can, and specify the portion of any interrogatory to which You are unable to fully respond, and state the facts upon which You base Your contention that You are unable to fully respond to such portion.

22. If You respond to any of the interrogatories by referring to documents containing the requested information, please either provide those documents categorized by the interrogatories to which they respond or identify such documents by their production numbers in Your response.

23. If in answering these interrogatories, You claim any ambiguity in either the interrogatories or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

24. These interrogatories are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these interrogatories or as an admission of the relevance of materiality at trial of any of the matters covered by these interrogatories.

25. The interrogatories set forth herein shall be deemed continuing pursuant to Federal Rules of Civil Procedure 26(e) so as to require supplemental responses if FFC discovers responsive information after the date of response hereto.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify all members of or investors in FFC, Including the capital contribution of each member or investor, each member's or investor's ownership interest in FFC, and the title or position of each member or investor in FFC, if any.

INTERROGATORY NO. 2:

Identify all property acquired or leased by or on behalf of FFC, Including all laboratory space for conducting research and development activities for any compound regulated by the FDA, the square footage of each individual property, and all laboratory equipment acquired, leased, or installed at each property.

INTERROGATORY NO. 3:

Identify each formulation for a generic brimonidine tartrate/timolol maleate ophthalmic solution that you have researched, attempted to develop, developed, attempted to market, or marketed, and for each such formulation describe in detail Your efforts Including:

(1) All Your research, development, or marketing efforts;

(2) Identify each Person or Entity contracted by You (or on Your behalf) to support Your research, development, or marketing efforts, including each Person's or Entity's title and job description;

(3) All funds raised for Your research, development, or marketing efforts; and

(4) All expenditures of money or other assets in furtherance of Your research, development, or marketing efforts.

INTERROGATORY NO. 4:

Describe in detail all Your efforts to prepare, submit, or seek FDA approval to produce and market any compound, Including a generic brimonidine tartrate/timolol maleate ophthalmic solution as referenced in FFC's March 9, 2015 letter to Allergan, Identifying every Person, Entity, or Contract Manufacturing Partner involved in Your efforts, Including each Person's, Entity's, or Contract Manufacturing Partner's role in support of those efforts, and the FDA's response, if any, to Your efforts.

INTERROGATORY NO. 5:

Identify the facts and circumstances that support Your contention that the '149 patent is invalid or not patentable, Including describing in detail the analysis You (or

those working with You or on Your behalf) performed, all prior art analyzed or relied on, and the claim construction(s) applied in performing Your analysis.

INTERROGATORY NO. 6:

Describe in detail all Communications You have had with Sandoz, Inc., Hi-Tech Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually, Relating to any possible or filed IPR petition concerning any compound regulated by the FDA, Including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

INTERROGATORY NO. 7:

Describe in detail how FFC plans to distribute to its members or to any other Person or Entity any monies received that stem from or are Related to the filing or possible filing of an IPR petition, Including Identifying all Documents describing FFC's plans.

INTERROGATORY NO. 8:

Describe in detail all settlement demands, settlement negotiations, and/or settlements between FFC any other Person or Entity that stem from or are Related to the filing or possible filing of an IPR petition.

INTERROGATORY NO. 9:

Describe in detail all the ways FFC has planned or is planning to generate revenue(s) from an IPR petition.

INTERROGATORY NO. 10:

Describe in detail FFC's core social, business, and investment interests and/or strategies, Including FFC's "core social and investment interests" referenced in FFC's March 9, 2015 letter to Allergan, and "its commercial strategies" referenced in FFC's July 10, 2015 Reply to Patent Owner's Preliminary Response filed with the PTO in the '149 IPR.

INTERROGATORY NO. 11:

Identify all of FFC's officers, directors, and managers, and for each provide a job description and list of responsibilities.

INTERROGATORY NO. 12:

Identify all Allergan patents, Including all "other Combigan patents listed in the FDA Orange Book" referenced in FFC's March 9, 2015 letter to Allergan, for which FFC is "preparing [IPR] petitions," and for each patent identified, (1) describe all facts and circumstances Related to Your analysis concerning validity or patentability of the patent, and (2) Identify all Your Documents Concerning that patent, Including all draft or final IPR petition(s) and/or supporting declaration(s).

Dated: July 17, 2015

FISH & RICHARDSON P.C.

By: /s/ Michael A. Amon

Michael A. Amon
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan Singer
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel.: (858) 678-5070/ Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

William B. Mateja (To be admitted *Pro Hac Vice*)
mateja@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070/Fax: (214) 747-2091

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Susan M. Coletti (To be admitted *Pro Hac Vice*)
coletti@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
PO Box 1114
Wilmington, Delaware 19801
Tel: (302) 652-5070

Attorneys for Plaintiff Allergan, Inc., and Allergan Sales, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 17, 2015 to the following individuals via electronic mail and certified U.S. Mail.

> Marc John Randazza (mjr@randazza.com)
> Randazza Legal Group
> 3625 South Town Center Drive
> Las Vegas, NV 89135
> Tel: 702-420-2001

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2015, at San Diego, California.

/s/ Michael A. Amon
Michael A. Amon