# EXHIBIT 2

Plaintiffs' First Set of Interrogatories
to Defendant Kevin Barnes

Michael A. Amon (SBN 226221)
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan E. Singer (SBN 187908)
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Tel: (858) 678-5070/Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC
(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FERRUM FERRO CAPITAL, LLC; KEVIN BARNES,<br><br>Defendants. | Case No. SACV 15-00992 JAK (PLAx)<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT KEVIN BARNES (NOS. 1-9)**<br><br>Judge: Hon. John A. Kronstadt |

INTERROGATORIES – SET ONE
Case No. SA CV 15-00992 FMO (PLAx)

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan"), herby requests that Defendant Kevin Barnes ("Barnes") respond to the following interrogatories separately, fully, and under oath within thirty (30) days of service. The following definitions and instructions apply.

## DEFINITIONS & INSTRUCTIONS

1. "Barnes," "You," and "Your" means Kevin Barnes, Including any of his affiliated Entities, any Entity of which he is a member, corporate officer, director, or manager, and all others acting in cooperation with or on behalf of Barnes.

2. "FFC" means Ferrum Ferro Capital, LLC, Including all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliated entities (Including sister corporations), all of their past and present directors, officers, employees, agents, representatives, consultants, attorneys, and others acting in cooperation with or on behalf of FFC.

3. "Allergan" means "Allergan, Inc. and Allergan Sales, LLC, collectively and individually, Including all of its directors, officers, agents, representatives, employees, consultants, predecessors, subsidiaries, and others acting in cooperation with or on behalf of Allergan.

4. "The '149 patent" means U.S. Patent No. 7,030,149.

5. "FDA" means the United States Federal Food and Drug Administration.

6. "IPR" means *inter partes* review as codified at 35 U.S.C. § 311.

7. "Document" and "Document and Things" incorporate the full meaning of Rule 34 of the Federal Rules of Civil Procedure, and Includes all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Defendant's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (Including computer programs and files containing any

requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents Including electronic mail. Any document bearing marks, Including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, constitutes a separate document.

8. "Entity" or "Entities" means any group, association, organization, firm, corporation, joint venture, trust, or partnership, regardless of whether it is legally recognized.

9. "Person" means any natural person or individual as well as any Entity and its agents and employees.

10. "Relate," "Related to," "Relating to," or "Concerning" means constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, supporting or regarding a particular subject in whole or in part, either directly or indirectly.

11. "Including" means including but not limited to.

12. "Communication" means any transmission of information, Including every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, whether face-to-face or by telephone, mail, personal delivery or otherwise, and Including letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

13. "Date" means and refers to the exact day, month and year, if ascertainable, or if not, Your best approximation thereof.

14. The singular form of a word should be interpreted in the plural as well and vice versa. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case as most appropriate.

15. The words "and" and "or" shall be construed conjunctively or

disjunctively, whichever makes the request more inclusive. The terms "any" and "all" should be given their most inclusive meaning.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. Where these interrogatories request that Barnes "identify" a communication, Barnes shall: (1) state the date and place of the communication; (2) identify each person who was present at, involved in, or participated in the communication; (3) identify the type of communication (e.g., letter, telegram, conference, meeting, telephone conversation); (4) state the substance of the communication; and (5) identify each document that reports, states, or constitutes the communication.

18. Where these interrogatories request that Barnes "identify" a natural person, Barnes shall state with respect to the person: (1) his or her name; (2) his or her present or last-known business or home address; (3) his or her last-known business or home telephone number; and (4) his or her present or last-known employer and his or her present or last-known position.

19. Where these interrogatories request that Barnes "identify" a document, Barnes shall: (1) identify all person(s) who drafted or authored the document; (2) identify all person(s) who received, reviewed, or approved the document; (3) state when the document was prepared; (4) state the document's present location; (5) identify the type of document (*e.g.*, letter, memorandum, tape recording, or other form of document); (6) state the title or provide a description of the document with the specificity required to allow it to be requested by a subpoena or a request for production of documents; and (7) provide any additional information necessary to identify and locate the document.

20. In responding to the following interrogatories, You are required to furnish such information as is available to You or within Your control, including but not limited to information in the possession of Your investigators, employees, agents,

representatives, guardians, attorneys, investigators for Your attorneys, or any other person or persons acting on Your behalf and not merely information personally known by the individual responding to the interrogatories.

21.  If You cannot answer the interrogatories in full, please answer them to the extent You can, and specify the portion of any interrogatory to which You are unable to fully respond, and state the facts upon which You base Your contention that You are unable to fully respond to such portion.

22.  If You respond to any of the interrogatories by referring to documents containing the requested information, please either provide those documents categorized by the interrogatories to which they respond or identify such documents by their production numbers in Your response.

23.  If in answering these interrogatories, You claim any ambiguity in either the interrogatories or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

24.  These interrogatories are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these interrogatories or as an admission of the relevance of materiality at trial of any of the matters covered by these interrogatories.

25.  The interrogatories set forth herein shall be deemed continuing pursuant to Federal Rules of Civil Procedure 26(e) so as to require supplemental responses if Barnes discovers responsive information after the date of response hereto.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify each Entity, Including FFC, where you have participated in the strategy, decision-making, preparation, filing, negotiation(s), or settlement discussion(s) Relating to any IPR petition(s) or possible IPR filing(s).

**INTERROGATORY NO. 2:**

For each Entity identified in response to Interrogatory No. 1, describe in detail Your relationship to the Entity, Including Your ownership interest in each Entity, Your capital contribution(s), percentage ownership, Your job title and job responsibilities, and the specifics of Your role with respect to any possible or filed IPR petition(s).

**INTERROGATORY NO. 3:**

Describe in detail all settlement offers or settlement demands You have made, and any negotiations You have participated in Related to not filing, withdrawing, dismissing, or otherwise settling any IPR petition(s) or possible IPR filing(s), Including describing the offer(s) and counteroffer(s) of each negotiation, any settlement(s) reached in each negotiation, and any monies paid or received as a result of each negotiation.

**INTERROGATORY NO. 4:**

For each Entity identified in response to Interrogatory No. 1, describe in detail how and to whom any monies Related to any possible or actually filed IPR petition(s) received by each Entity have been distributed, Including specifically Identifying each recipient, and how much each recipient received.

**INTERROGATORY NO. 5:**

Describe all efforts by You or any Entity identified in response to Interrogatory No. 1 to fund, research, develop, or market a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**INTERROGATORY NO. 6:**

Describe all efforts by You or any Entity identified in response to Interrogatory No. 1 to fund, research, develop, or market any compound regulated by the FDA.

**INTERROGATORY NO. 7:**

Describe in detail all Your Communications with any Contract Manufacturing Partner Concerning any compound regulated by the FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

1 INTERROGATORY NO. 8:

2      Describe in detail all Communications You have had with Sandoz, Inc., Hi-Tech
3 Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex,
4 Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually,
5 Relating to any possible or filed IPR petition Concerning any compound regulated by
6 the FDA, Including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

7 INTERROGATORY NO. 9:

8      Describe in detail all the ways You are aware of or plan to use an IPR petition,
9 Including the IPR petition filed against the '149 patent, to generate revenue(s), Including
10 the "multiple pathways to monetization" referenced in your statement on or about
11 March 20, 2015.

13 Dated: July 17, 2015                FISH & RICHARDSON P.C.
                                       By: /s/ Michael A. Amon
                                       _____
                                       Michael A. Amon
                                       amon@fr.com
                                       FISH & RICHARDSON P.C.
                                       555 West Fifth Street, 31st Floor
                                       Los Angeles, California 90013
                                       Tel: (213) 533-4240/Fax: (877) 417-2378

                                       Jonathan Singer
                                       singer@fr.com
                                       FISH & RICHARDSON P.C.
                                       12390 El Camino Real
                                       San Diego, CA 92130
                                       Tel.: (858) 678-5070/ Fax: (858) 678-5099

                                       John M. Farrell (SBN 99649)
                                       farrell@fr.com
                                       FISH & RICHARDSON P.C.
                                       500 Arguello Street, Suite 500
                                       Redwood City, California 94063
                                       Tel: (858) 678-5070/Fax: (858) 678-5099

                                       William B. Mateja (To be admitted Pro Hac Vice)
                                       mateja@fr.com
                                       FISH & RICHARDSON P.C.
                                       1717 Main Street, Suite 5000
                                       Dallas, Texas 75201
                                       Tel: (214) 747-5070/Fax: (214) 747-2091

6

INTERROGATORIES – SET ONE
Case No. SA CV 15-00992 FMO (PLAx)

Susan M. Coletti (To be admitted Pro Hac Vice)
coletti@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
PO Box 1114
Wilmington, Delaware 19801
Tel: (302) 652-5070

Attorneys for Plaintiff Allergan, Inc., and
Allergan Sales, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 17, 2015 to the following individuals via electronic mail and certified U.S. Mail.

>Marc John Randazza (mjr@randazza.com)
>Randazza Legal Group
>3625 South Town Center Drive
>Las Vegas, NV 89135
>Tel: 702-420-2001

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2015, at San Diego, California.

/s/ Michael A. Amon
Michael A. Amon