# EXHIBIT 3

Plaintiffs' First Set of Requests for Production to Defendant Ferrum Ferro Capital, LLC

```
 1  Michael A. Amon (SBN 226221)
    amon@fr.com
 2  FISH & RICHARDSON P.C.
 3  555 West Fifth Street, 31st Floor
    Los Angeles, California 90013
 4  Tel: (213) 533-4240/Fax: (877) 417-2378
 5
    Jonathan E. Singer (SBN 187908)
 6  singer@fr.com
 7  FISH & RICHARDSON P.C.
    12390 El Camino Real
 8  San Diego, California 92130
 9  Tel: (858) 678-5070/Fax: (858) 678-5099

10  John M. Farrell (SBN 99649)
11  farrell@fr.com
    FISH & RICHARDSON P.C.
12  500 Arguello Street, Suite 500
13  Redwood City, California 94063
    Tel: (858) 678-5070/Fax: (858) 678-5099
14
15  Attorneys for Plaintiffs
    ALLERGAN, INC. and ALLERGAN SALES, LLC
16  (Additional counsel listed on signature page)
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>             Plaintiffs,<br><br>        v.<br><br>FERRUM FERRO CAPITAL, LLC;<br>KEVIN BARNES,<br><br>             Defendants. | Case No. SACV 15-00992 JAK (PLAx)<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT FERRUM FERRO CAPITAL, LLC. (NOS. 1-33)**<br><br>Judge: Hon. John A. Kronstadt |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan"), herby requests that Defendant Ferrum Ferro Capital, LLC ("FFC") produce for inspection and copying all of the following Documents and Things that are in their possession, custody, or control. Production shall take place within thirty days of service of this set of requests, at the offices of Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130, or at such other times and places as counsel for the parties may agree. The following definitions and instructions apply.

## DEFINITIONS & INSTRUCTIONS

1. "FFC," "You," and "Your" means Ferrum Ferro Capital, LLC, Including all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliated entities (Including sister corporations), all of their past and present directors, officers, employees, agents, representatives, consultants, attorneys, and others acting in cooperation with or on behalf of FFC.

2. "Barnes" means Defendant Kevin Barnes, Including any of his affiliated Entities, any Entity of which he is a member or corporate officer, director, or manager, and all others acting in cooperation with or on behalf of Barnes.

3. "Allergan" means "Allergan, Inc. and Allergan Sales, LLC, collectively and individually, Including all of its directors, officers, agents, representatives, employees, consultants, predecessors, subsidiaries, and others acting in cooperation with or on behalf of Allergan.

4. "The '149 patent" means U.S. Patent No. 7,030,149.

5. "FDA" means the United States Federal Food and Drug Administration.

6. "IPR" means *inter partes* review as codified at 35 U.S.C. § 311.

7. "Documents" and "Document and Things" incorporate the full meaning of Rule 34 of the Federal Rules of Civil Procedure, and Includes all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or

1

recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Defendant's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (Including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents Including electronic mail. Any document bearing marks, Including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, constitutes a separate document.

      8.    "Entity" or "Entities" means any group, association, organization, firm, corporation, joint venture, trust, or partnership, regardless of whether it is legally recognized.

      9.    "Person" means any natural person or individual as well as any Entity and its agents and employees.

      10.    "Relate," "Related to," "Relating to," or "Concerning" means constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, supporting or regarding a particular subject in whole or in part, either directly or indirectly.

      11.    "Including" means including but not limited to.

      12.    "Communication" means any transmission of information, Including every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, whether face-to-face or by telephone, mail, personal delivery or otherwise, and Including letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

      13.    "Date" means and refers to the exact day, month and year, if ascertainable, or if not, Your best approximation thereof.

14. The singular form of a word should be interpreted in the plural as well and vice versa. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case as most appropriate.

15. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive. The terms "any" and "all" should be given their most inclusive meaning.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. These requests shall apply to all Documents in Your possession, custody, or control at the present time, or coming into Your possession, custody, or control. If You know of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not presently in Your possession, custody or control, You shall so state and shall identify such Documents or Things, and the Person who has possession, custody, or control of the Documents or Things.

18. Each Document and Thing produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the Document or Thing at any time.

19. If no Documents are responsive to a particular request, state that no responsive Documents exist.

20. If You cannot produce a Document in full, produce it to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that You have concerning the portion that is not produced.

21. If You cannot produce all of the requested Documents, describe in detail every reason for any failure or inability to produce each of those requested Documents.

22. If You cannot locate Documents or Things responsive to these requests after the exercise of due diligence, state in detail the particulars of the efforts that You

3

made to locate such Documents or Things and the reasons for their disappearance or unavailability. If such Documents or Things exist but are unavailable to You, state to the best of Your knowledge, where the Documents or Things are located, Including the name, address, and telephone number of the custodian.

23. If any responsive Document was at one time in Your possession, custody, or control, but is now lost, discarded, destroyed, or is otherwise no longer in Your possession, custody, or control for any reason, then, with respect to each and every such Document, please:

a) describe the nature of the Document;

b) state the Date of the Document;

c) identify the Person(s) who sent or received the original or any copy of the Document, specifying its author, addressee, and all Persons to whom copies of the Document were furnished;

d) state in as much detail as possible the subject matter and contents of the Document;

e) state when the Document was in Your possession, custody, or control;

f) state the last known location of the disposed Document and the last known location of any alternative copies of any lost, discarded, or destroyed Document;

g) state the identity and location of other Documents from which information contained in the discarded or otherwise disposed of Document may be obtained;

h) state the manner and Date of the disposition, loss, destruction, or discarding of the Document;

i) state the reason for the disposition, loss, destruction, or discarding of the Document; and

> j) state the identity of all Persons who are likely to be responsible therefor.

24. If You object to the production of any Document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, You are requested to identify each Document for which the privilege is claimed and give all information required by applicable case law, Including the following:

> a) the name of the author, sender, or initiator of each copy of the Document;
>
> b) the name of the recipient, addressee, or party to whom any copy of the Document was sent, or who received any copy of the Document;
>
> c) the Date of each copy of the Document, if any, or an estimate of its Date;
>
> d) a statement of the basis for the claim of privilege; and
>
> e) a description of the Document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

25. If in answering these requests, You claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

26. These requests are specifically intended to Include any and/or all Documents and Things in Your possession, custody, or control or in the possession, custody, or control of Your attorneys, accountants, bankers, brokers, employees, agents, subsidiaries, affiliates, and representatives (Including the personal files of all the aforementioned), wherever such Documents and Things are located, both within and outside the United States.

27. These requests are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission of the relevance of materiality at trial of any of the matters covered by these requests.

28.   You are directed to make a due and diligent search of Your records and are directed to interview all of Your officers, directors, agents, and employees with a view toward eliciting all information responsive hereto.

29.   The Documents produced in response to these requests shall be either (i) organized and designated to correspond to the categories in these requests, or (ii) produced as they are maintained in the normal course of business, and in either case:

    a)   all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies (but Plaintiff reserves the right to inspect the originals); and

    b)   each page shall be given a discrete production number.

30.   You shall keep and produce a record of the source of each Document produced. This shall Include the name and location of the file where each Document was located and the name of the Person, group or department having possession, custody or control of each Document. Documents attached to each other must not be separated.

31.   The requests set forth herein shall be deemed continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require supplemental production if FFC discovers responsive Documents or Things after the Date of response hereto.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Related to the formation of FFC, Including the Certificate of Formation, the Operating Agreement, Certificate of Registration of Foreign Limited Liability Company, list of members, capital contributions of each member, total capital contributions, capital asset acquisitions, bylaws, mission statement, annual franchise tax statement, business license(s), and organizational chart(s).

**REQUEST FOR PRODUCTION NO. 2:**

All FFC's financial Documents since its formation, Including its balance sheet(s), profit and loss statement(s), general ledger, and all other financial statement(s).

REQUEST FOR PRODUCTION NO. 3:

All Documents Related to any financial or accounting audit of FFC performed by FFC or any other Person or Entity.

REQUEST FOR PRODUCTION NO. 4:

A complete list of FFC's bank accounts, Including an identification of each bank account held by FFC, and all bank-generated statement(s) for each account from January 1, 2014 through the present.

REQUEST FOR PRODUCTION NO. 5:

All FFC's State and Federal Income Tax returns, Including a listing of all tax payments with the amounts paid, all requests for extensions of time to file tax returns, and all refunds received by FFC.

REQUEST FOR PRODUCTION NO. 6:

All Documents Related to John L. Williams, Including Documents describing his title and job responsibilities at FFC, his investment(s) in FFC, his ownership interest in FFC, and his *curriculum vitae*.

REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications Related to establishing, retaining, and maintaining a mail drop box at 717 N. Union Street, #78, Wilmington, Delaware 19805.

REQUEST FOR PRODUCTION NO. 8:

All Documents Related to any buildings or office space leased or owned by FFC.

REQUEST FOR PRODUCTION NO. 9:

All Documents Regarding each FFC research and development facility, including its location, square footage, equipment purchases for each facility, equipment leases for each facility, lease agreement(s), acquisition agreement(s), licensure of each facility, and/or approval by the FDA of each facility.

REQUEST FOR PRODUCTION NO. 10:

All Documents and Communications Related to FFC's efforts to research, develop, or market a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Related to any funding Regarding research, development, or marketing of a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications Related to any Person or Entity contracted by FFC, whether as a direct employee, independent contractor, consultant, expert, partner, or investor Related to research, development, or marketing of a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 13:**

All contracts between FFC and any Person or Entity Related to the research and development of a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, Including lab notebooks, experiments designed and/or conducted, and actual compounds created Related to FFC's efforts to develop a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications between FFC and the FDA Related to a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Related to any Person or Entity contracted by FFC, whether as a direct employee, independent contractor, consultant, expert, partner, or investor Related to preparation, submission, and/or prosecution of an abbreviated new drug application (ANDA) before the FDA, including Related to a generic brimonidine tartrate/timolol maleate ophthalmic solution.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications Regarding Your assertion in Your Letter of March 9, 2015 to Allergan that FFC is prepared to "seek FDA approval via a Paragraph

III ANDA filing to produce and market a generic brimonidine tartrate/timolol maleate ophthalmic solution with a Contract Manufacturing Partner."

REQUEST FOR PRODUCTION NO. 18:

All Communications between FFC and any "Contract Manufacturing Partner" Related to any compound regulated by the FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 19:

All Documents and Communications Regarding the preparation of the "proposed FDA filing" for "Combivious" that was included as part of FFC's March 9, 2015 letter to Allergan.

REQUEST FOR PRODUCTION NO. 20:

All Documents and Communications Regarding the preparation of the March 9, 2015 IPR petition that FFC filed against the '149 patent, Including any drafts of the petition and drafts of any accompanying declaration(s).

REQUEST FOR PRODUCTION NO. 21:

All Documents Related to any analysis performed by FFC Regarding the validity or patentability of the '149 patent.

REQUEST FOR PRODUCTION NO. 22:

All Communications between FFC and any other Person or Entity Related to the filing of the March 9, 2015 IPR petition against the '149 patent.

REQUEST FOR PRODUCTION NO. 23:

All Communications between FFC and Sandoz, Inc., Hi-Tech Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually, Including Related to a generic brimonidine tartrate/timolol maleate ophthalmic solution or "joining the fast-track challenge of the '149 patent" presented by FFC's March 9, 2015 IPR petition against the '149 patent.

REQUEST FOR PRODUCTION NO. 24:

All Documents Related to any analysis performed by FFC Regarding how the terms of the claims of the '149 patent should be construed.

REQUEST FOR PRODUCTION NO. 25:

All Documents Related to FFC's assertion in its March 9, 2015 letter to Allergan that "at a minimum, the IPR petition for the '149 patent presents a significant and terminal threat to Allergan's exclusive rights to distribute Combigan," including any analysis performed by FFC.

REQUEST FOR PRODUCTION NO. 26:

All Documents and Communications Regarding how monies received by FFC in connection with an IPR petition are to be distributed, including distributions to FFC's members, employees, investors, or any other Person or Entity.

REQUEST FOR PRODUCTION NO. 27:

All Documents Concerning FFC's core commercial, social, and investment interests and/or strategies, Including FFC's "core social and investment interests" as referenced in FFC's March 9, 2015 letter to Allergan, and "its commercial strategies" referenced in FFC's July 10, 2015 Reply to Patent Owner's Preliminary Response filed with the PTO in the '149 IPR.

REQUEST FOR PRODUCTION NO. 28:

All Communications and Documents, Including business plans, forecasts, strategic plans, or prospectus Regarding how FFC plans to generate revenue from IPR petitions.

REQUEST FOR PRODUCTION NO. 29:

All Documents and Communications Related to Barnes statement on March 20, 2015 that he sees "multiple pathways to monetization" of IPR petitions, Including FFC's IPR petition against the '149 patent.

1  REQUEST FOR PRODUCTION NO. 30:
2       All Documents and Communications Related to any negotiation to settle any IPR
3  petition filed or drafted by FFC.
4  REQUEST FOR PRODUCTION NO. 31:
5       All settlements related to any IPR petition filed or drafted by FFC.
6  REQUEST FOR PRODUCTION NO. 32:
7       An inspection of all FFC's building(s) and office(s), Including all FFC's research
8  and development facilities.
9  REQUEST FOR PRODUCTION NO. 33:
10      All Documents and Communications Related to all Allergan patents, Including all
11 "other Combigan patents listed in the FDA Orange Book" referenced in FFC's March 9,
12 2015 letter to Allergan, for which FFC is "preparing [IPR] petitions," Including all draft
13 or final IPR petition(s) and/or supporting declaration(s).

Dated: July 17, 2015

FISH & RICHARDSON P.C.
By: /s/ Michael A. Amon
Michael A. Amon
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan Singer
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel.: (858) 678-5070/ Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

| | |
|---|---|
| 1 | |
| 2 | William B. Mateja (To be admitted *Pro Hac Vice*)<br>mateja@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Tel: (214) 747-5070/Fax: (214) 747-2091 |
| 3 | |
| 4 | |
| 5 | Susan M. Coletti (To be admitted *Pro Hac Vice*)<br>coletti@fr.com<br>FISH & RICHARDSON P.C.<br>222 Delaware Ave., 17th Floor<br>PO Box 1114<br>Wilmington, Delaware 19801<br>Tel: (302) 652-5070 |
| 6 | |
| 7 | |
| 8 | |
| 9 | Attorneys for Plaintiff Allergan, Inc., and Allergan Sales, LLC |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 17, 2015 to the following individuals via electronic mail and certified U.S. Mail.

> Marc John Randazza (mjr@randazza.com)
> Randazza Legal Group
> 3625 South Town Center Drive
> Las Vegas, NV 89135
> Tel: 702-420-2001

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2015, at San Diego, California.

/s/ Michael A. Amon
Michael A. Amon