# EXHIBIT 4

Plaintiffs' First Set of Requests for Production to Defendant Kevin Barnes

Michael A. Amon (SBN 226221)
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan E. Singer (SBN 187908)
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Tel: (858) 678-5070/Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC
(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FERRUM FERRO CAPITAL, LLC; KEVIN BARNES,<br><br>Defendants. | Case No. SACV 15-00992 JAK (PLAx)<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT KEVIN BARNES (NOS. 1-33)**<br><br>Judge: Hon. John A. Kronstadt |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan"), herby requests that Defendant Kevin Barnes ("Barnes") produce for inspection and copying all of the following Documents and Things that are in his possession, custody, or control. Production shall take place within thirty days of service of this set of requests, at the offices of Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130, or at such other times and places as counsel for the parties may agree. The following definitions and instructions apply.

### DEFINITIONS & INSTRUCTIONS

1. "Barnes," "You," and "Your" means Kevin Barnes, Including any of his affiliated Entities, any Entity of which he is a member or corporate officer, director, or manager, and all others acting in cooperation with or on behalf of Barnes.

2. "FFC" means Ferrum Ferro Capital, LLC, Including all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliated entities (Including sister corporations), all of their past and present directors, officers, employees, agents, representatives, consultants, attorneys, and others acting in cooperation with or on behalf of FFC.

3. "Allergan" means "Allergan, Inc. and Allergan Sales, LLC, collectively and individually, Including all of its directors, officers, agents, representatives, employees, consultants, predecessors, subsidiaries, and others acting in cooperation with or on behalf of Allergan.

4. "The '149 patent" means U.S. Patent No. 7,030,149.

5. "FDA" means the United States Federal Food and Drug Administration.

6. "IPR" means *inter partes* review as codified at 35 U.S.C. § 311.

7. "Document" and "Document and Things" incorporate the full meaning of Rule 34 of the Federal Rules of Civil Procedure, and Includes all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can

be obtained and translated if necessary, that are or have been in Defendant's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (Including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents Including electronic mail. Any document bearing marks, Including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, constitutes a separate document.

8. "Entity" or "Entities" means any group, association, organization, firm, corporation, joint venture, trust, or partnership, regardless of whether it is legally recognized.

9. "Person" means any natural person or individual as well as any Entity and its agents and employees.

10. "Relate," "Related to," "Relating to," or "Concerning" means constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, supporting or regarding a particular subject in whole or in part, either directly or indirectly.

11. "Including" means including but not limited to.

12. "Communication" means any transmission of information, Including every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, whether face-to-face or by telephone, mail, personal delivery or otherwise, and Including letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

13. "Date" means and refers to the exact day, month and year, if ascertainable, or if not, Your best approximation thereof.

14. The singular form of a word should be interpreted in the plural as well and

vice versa. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case as most appropriate.

15. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive. The terms "any" and "all" should be given their most inclusive meaning.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. These requests shall apply to all Documents in Your possession, custody, or control at the present time, or coming into Your possession, custody, or control. If You know of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not presently in Your possession, custody or control, You shall so state and shall identify such Documents or Things, and the Person who has possession, custody, or control of the Documents or Things.

18. Each Document and Thing produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the Document or Thing at any time.

19. If no Documents are responsive to a particular request, state that no responsive Documents exist.

20. If You cannot produce a Document in full, produce it to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that You have concerning the portion that is not produced.

21. If You cannot produce all of the requested Documents, describe in detail every reason for any failure or inability to produce each of those requested Documents.

22. If You cannot locate Documents or Things responsive to these requests after the exercise of due diligence, state in detail the particulars of the efforts that You made to locate such Documents or Things and the reasons for their disappearance or

3

unavailability. If such Documents or Things exist but are unavailable to You, state to the best of Your knowledge, where the Documents or Things are located, Including the name, address, and telephone number of the custodian.

23. If any responsive Document was at one time in Your possession, custody, or control, but is now lost, discarded, destroyed, or is otherwise no longer in Your possession, custody, or control for any reason, then, with respect to each and every such Document, please:

    a) describe the nature of the Document;

    b) state the Date of the Document;

    c) identify the Person(s) who sent or received the original or any copy of the Document, specifying its author, addressee, and all Persons to whom copies of the Document were furnished;

    d) state in as much detail as possible the subject matter and contents of the Document;

    e) state when the Document was in Your possession, custody, or control;

    f) state the last known location of the disposed Document and the last known location of any alternative copies of any lost, discarded, or destroyed Document;

    g) state the identity and location of other Documents from which information contained in the discarded or otherwise disposed of Document may be obtained;

    h) state the manner and Date of the disposition, loss, destruction, or discarding of the Document;

    i) state the reason for the disposition, loss, destruction, or discarding of the Document; and

    j) state the identity of all Persons who are likely to be responsible therefor.

24. If You object to the production of any Document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, You are requested to identify each Document for which the privilege is claimed and give all information required by applicable case law, Including the following:

    a) the name of the author, sender, or initiator of each copy of the Document;

    b) the name of the recipient, addressee, or party to whom any copy of the Document was sent, or who received any copy of the Document;

    c) the Date of each copy of the Document, if any, or an estimate of its Date;

    d) a statement of the basis for the claim of privilege; and

    e) a description of the Document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

25. If in answering these requests, You claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

26. These requests are specifically intended to Include any and/or all Documents and Things in Your possession, custody, or control or in the possession, custody, or control of Your attorneys, accountants, bankers, brokers, employees, agents, subsidiaries, affiliates, and representatives (Including the personal files of all the aforementioned), wherever such Documents and Things are located, both within and outside the United States.

27. These requests are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission of the relevance of materiality at trial of any of the matters covered by these requests.

28. You are directed to make a due and diligent search of Your records and are directed to interview all of Your officers, directors, agents, and employees with a view

toward eliciting all information responsive hereto.

29. The Documents produced in response to these requests shall be either (i) organized and designated to correspond to the categories in these requests, or (ii) produced as they are maintained in the normal course of business, and in either case:

    a) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies (but Plaintiff reserves the right to inspect the originals); and

    b) each page shall be given a discrete production number.

30. You shall keep and produce a record of the source of each Document produced. This shall Include the name and location of the file where each Document was located and the name of the Person, group or department having possession, custody or control of each Document. Documents attached to each other must not be separated.

31. The requests set forth herein shall be deemed continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require supplemental production if FFC discovers responsive Documents or Things after the Date of response hereto.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Your Documents Related to the formation of FFC, Including ownership interest(s), capital contribution(s), total investment(s) in FFC, any other assets or contributions to FFC's formation, bylaws, mission statement, or prospectus for members of or investors in FFC, all annual financial statements Related to FFC, and all Your tax returns that Include a reference to FFC.

**REQUEST FOR PRODUCTION NO. 2:**

All Your Documents Related to leasing or buying any buildings or office space for FFC.

REQUEST FOR PRODUCTION NO. 3:

All Your Documents Related to any Entity that has filed, drafted, is in the process of drafting, or has plans to draft any possible or actual IPR petition, Including FFC and Hyacinth Sloop Capital, LLC.

REQUEST FOR PRODUCTION NO. 4:

All Communications between You and any other Person or Entity Related to a possible or actual IPR petition.

REQUEST FOR PRODUCTION NO. 5:

All Communications written or received by You Regarding funding Related to research, development, or marketing of a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 6:

All Your Documents Related to research, development, or marketing of a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 7:

All Your Documents Related to contracting a Person or Entity to research, develop or market any component regulated by FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 8:

All Your Documents and Communications Related to a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 9:

All Communications between You and the FDA regarding a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 10:

All Your Documents Related to contracting any Person or Entity to prepare, submit, and/or prosecute an abbreviated new drug application (ANDA) before the FDA.

REQUEST FOR PRODUCTION NO. 11:

All Your Documents Related to preparing to seek or seeking "FDA approval via a Paragraph III ANDA filing to produce and market a generic brimonidine tartrate/timolol maleate ophthalmic solution."

REQUEST FOR PRODUCTION NO. 12:

All Your Documents Related to any Communications with any "Contract Manufacturing Partner" Concerning any component regulated by the FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 13:

All Your Documents Regarding contracts or agreements with any "Contract Manufacturing Partner" Concerning any component regulated by the FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 14:

All Communications between You and any "Contract Manufacturing Partner" Related to any compound regulated by the FDA, including a generic brimonidine tartrate/timolol maleate ophthalmic solution.

REQUEST FOR PRODUCTION NO. 15:

All Your Documents and Communications Regarding the preparation of the "proposed FDA filing" for "Combivious" that was included as part of FFC's March 9, 2015 letter to Allergan.

REQUEST FOR PRODUCTION NO. 16:

All Your Documents and Communications Regarding the preparation of the March 9, 2015 IPR petition that FFC filed against the '149 patent.

REQUEST FOR PRODUCTION NO. 17:

All Your Documents Related to any contingent fee agreement with Russ August & Kabat Related to the March 9, 2015 IPR petition filed against the '149 patent.

REQUEST FOR PRODUCTION NO. 18:

All Documents Related to any analysis performed by You, or any Person or Entity You work with Regarding the validity or patentability of the '149 patent.

REQUEST FOR PRODUCTION NO. 19:

All Communications between You and any other Person or Entity Related to the filing of the March 9, 2015 IPR petition against the '149 patent.

REQUEST FOR PRODUCTION NO. 20:

All Communications between You and Sandoz, Inc., Hi-Tech Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually, Regarding the preparation and/or filing of the March 9, 2015 IPR petition against the '149 patent.

REQUEST FOR PRODUCTION NO. 21:

All Communication between You and Sandoz, Inc., Hi-Tech Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually, Regarding "joining the fast-track challenge of the '149 patent" filed by FFC on March 9, 2015.

REQUEST FOR PRODUCTION NO. 22:

All Your Documents Related to any contract or agreement between You and Sandoz, Inc., Hi-Tech Pharmacal Co., Inc., Alcon Laboratories, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex, Corporation, or Watson Laboratories, Inc., collectively or individually.

REQUEST FOR PRODUCTION NO. 23:

All Your Documents Related to how the terms of the claims of the '149 patent should be construed.

REQUEST FOR PRODUCTION NO. 24:

All Your Documents Related to any analysis performed to support the assertion in FFC's March 9, 2015 letter to Allergan that "at a minimum, the IPR petition for the

'149 patent presents a significant and terminal threat to Allergan's exclusive rights to distribute Combigan."

REQUEST FOR PRODUCTION NO. 25:

All Your Documents Related to any contracts or agreements Regarding how to distribute monies received in connection with any IPR petition.

REQUEST FOR PRODUCTION NO. 26:

All Your Documents describing how monies received by FFC from any Person or Entity in connection with any IPR petition are to be distributed.

REQUEST FOR PRODUCTION NO. 27:

All Your Documents, including business plans, forecasts, strategic plans, or prospectus Regarding how to generate revenues from IPR petitions.

REQUEST FOR PRODUCTION NO. 28:

All Documents Related to or that support Your statement on or about March 20, 2015, that there are "multiple pathways to monetization" of IPR petitions, including FFC's IPR petition against the '149 patent.

REQUEST FOR PRODUCTION NO. 29:

All Your Documents and Communications Related to any negotiation(s) to settle any IPR petition, regardless of whether filed or not, Including any IPR Petitions by or on behalf of FFC.

REQUEST FOR PRODUCTION NO. 30:

All Your Documents and Communications Related to any negotiation(s) to settle or dismiss any possible or actual IPR petition.

REQUEST FOR PRODUCTION NO. 31:

All Your Documents Related to any settlement(s) Concerning a possible or actual IPR petition, Including any IPR petition by or on behalf of FFC.

1 | REQUEST FOR PRODUCTION NO. 32:

2 |     Your current *curriculum vitae*, Including any university and post-university
3 | education, and all employments held during or after Your university and post-university
4 | education.

5 | REQUEST FOR PRODUCTION NO. 33:

6 |     All Your Documents and Communications Related to any possible or actual IPR
7 | petition(s) Concerning any Allergan patent, Including any "other Combigan patents
8 | listed in the FDA Orange Book," Including all draft or final IPR petition(s) and/or
9 | supporting declaration(s).

11 | Dated: July 17, 2015

FISH & RICHARDSON P.C.

By: /s/ *Michael A. Amon*
_____
Michael A. Amon
amon@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Jonathan Singer
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel.: (858) 678-5070/ Fax: (858) 678-5099

John M. Farrell (SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Tel: (858) 678-5070/Fax: (858) 678-5099

William B. Mateja (To be admitted *Pro Hac Vice*)
mateja@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070/Fax: (214) 747-2091

Susan M. Coletti (To be admitted *Pro Hac Vice*)
coletti@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
PO Box 1114
Wilmington, Delaware 19801
Tel: (302) 652-5070

Attorneys for Plaintiff Allergan, Inc., and Allergan Sales, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 17, 2015 to the following individuals via electronic mail and certified U.S. Mail.

Marc John Randazza (mjr@randazza.com)
Randazza Legal Group
3625 South Town Center Drive
Las Vegas, NV 89135
Tel: 702-420-2001

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2015, at San Diego, California.

/s/ Michael A. Amon
Michael A. Amon