# **EXHIBIT 5**

Meet and Confer Email

| | | |
|---|---|---|
| From: | **Michael A. Amon** Amon@fr.com |  |
| Subject: | RE: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests | |
| Date: | August 5, 2015 at 2:58 PM | |
| To: | D. Gill Sperlein gill@sperleinlaw.com, Randazza Marc John mjr@randazza.com | |
| Cc: | Jonathan Singer singer@fr.com, John M. Farrell farrell@fr.com, Michael Kane kane@fr.com | |

Gill,

Following our meet and confer on July 30, we reviewed our discovery requests propounded on both FFC and Mr. Barnes, and consulted with Allergan. It is our view that the vast majority of the information requested is directly related to issues that will be raised by your proposed Anti-SLAPP motion. As a result, we do not believe that a stay of discovery is appropriate. In fact, we believe that the requested discovery should be produced as soon as possible given its relevance your motion. To the extent that you believe that any particular request is not relevant to your motion, we are happy to discuss.

Best,
Mike

## Michael Amon :: Principal

Fish & Richardson P.C.
+1-858-678-4708 direct :: 619-865-7095 mobile :: amon@fr.com
fr.com

---

**From:** D. Gill Sperlein [mailto:gill@sperleinlaw.com]
**Sent:** Thursday, July 30, 2015 10:39 PM
**To:** Michael A. Amon; Randazza Marc John
**Cc:** Jonathan Singer; John M. Farrell; Michael Kane
**Subject:** Re: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Michael – I am glad you clarified because that is not exactly what I intended. I said that the anti-SLAPP statute allows you to request the court to take discovery if it is required for the motion. Our position is that if the parties stipulate to stay discovery generally this would not mean you would not preclude you from making such a request, nor would it preclude us from opposing it. In other words, in opposing such a request we will not argue that you should not be allowed to take it because you stipulated to stay discovery.

However, if you have specific limited discovery request you believe is necessary for the purpose of opposing the motion to strike, we will discuss with the client stipulating to such requests.

Gill

---

D. GILL SPERLEIN



san francisco, ca 94102
p 415.404.6615  f 415.404.6616
gill@sperleinlaw.com

**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege and/or the Work Product Doctrine. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**From:** "Michael A. Amon" <Amon@fr.com>
**Date:** Thursday, July 30, 2015 at 3:44 PM
**To:** Gill Sperlein <gill@sperleinlaw.com>, Randazza Marc John <mjr@randazza.com>
**Cc:** Jonathan Singer <singer@fr.com>, "John M. Farrell" <farrell@fr.com>, Michael Kane <kane@fr.com>
**Subject:** RE: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Gill,

As a point of clarification, I believe we agreed that regardless of whether or not we stipulate to staying discovery as a whole, Plaintiffs would be entitled to discovery related to opposing Defendants' motion to strike.

Per our discussion, I will check with our client and endeavor to get back to you by next Tuesday or Wednesday regarding our position.

Best,
Mike

### Michael Amon:: Principal

Fish & Richardson P.C.
+1-858-678-4708 direct ::619-865-7095 mobile ::amon@fr.com
fr.com

**From:** D. Gill Sperlein [mailto:gill@sperleinlaw.com]
**Sent:** Thursday, July 30, 2015 3:08 PM
**To:** Michael A. Amon; Randazza Marc John
**Cc:** Jonathan Singer; John M. Farrell; Michael Kane
**Subject:** Re: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Mike:

This e-mail follows our phone conversation in which I explained Defendants' intention to file a Special Motion

to Strike under California's Anti-SLAPP motion.  Our position is that Plaintiffs' complaint was clearly based on Defendants' petitioning of the government and thus the provisions of the anti-SLAPP apply.  We further believe that Plaintiffs cannot show a probability of prevailing on its claims.  You disagree with us on both of these positions.

In light of our intention to file the dispositive motion we request that you stipulate to staying discovery pending resolution of the motion without prejudice to your requesting leave to file specific and limited discovery requests and without prejudice to our right to oppose any such request.

You will discuss this with your client before giving us your position.

If any of this summary is inaccurate or incomplete, or if you have any questions, please let me or Marc know.

Gill

D. GILL SPERLEIN



d. gill sperlein
the law office of d. gill sperlein
345 grove street
san francisco, ca 94102
p 415.404.6615   f 415.404.6616
gill@sperleinlaw.com

**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege and/or the Work Product Doctrine. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

**From:** Gill Sperlein <gill@sperleinlaw.com>
**Date:** Thursday, July 30, 2015 at 1:28 PM
**To:** "Michael A. Amon" <Amon@fr.com>, Randazza Marc John <mjr@randazza.com>
**Cc:** Gill Sperlein <dgs@randazza.com>, Jonathan Singer <singer@fr.com>, "John M. Farrell" <farrell@fr.com>, Michael Kane <kane@fr.com>
**Subject:** Re: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Mr. Amon:

Are you or someone from your team able to take a call from me in the next hour or so in order to fulfill the requirements of the Central District local rules and Judge Kronstadt's standing order to meet and confer prior to bringing motions.  I am currently in Europe and it is 10:30 pm here, so I would like to call as soon as possible.

We intend to file a dispositive motion.  I don't expect you will stipulate to dismiss the claim, but I do hope that you will see the logic in stipulating to a discovery stay while the motion is heard and considered.  If not, we will also file a motion requesting that the Court order such a stay.

Gill

**D. GILL SPERLEIN**



**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege and/or the Work Product Doctrine. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**From:** "Michael A. Amon" <Amon@fr.com>
**Date:** Monday, July 20, 2015 at 5:53 PM
**To:** Randazza Marc John <mjr@randazza.com>
**Cc:** Gill Sperlein <dgs@randazza.com>, Gill Sperlein <gill@sperleinlaw.com>, Jonathan Singer <singer@fr.com>, "John M. Farrell" <farrell@fr.com>, Michael Kane <kane@fr.com>
**Subject:** RE: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Hi Marc,

The federal rules allow parties to take discovery before the Rule 26 conference if ordered by a court.  *See* FRCP 26(d).  Judge Kronstadt's Standing Order for Civil Cases entered in this case on June 26 authorizes us to take early discovery.  *See* D.I. 13 at 8-9.  As such, discovery is open and our discovery requests were properly served this past Friday.  Please let me know if you want to discuss this further.

Best,
Mike

**Michael Amon**:: Principal

Fish & Richardson P.C.
+1-858-678-4708 direct ::619-865-7095 mobile ::amon@fr.com
fr.com

**From:** Randazza Marc John [mailto:mjr@randazza.com]
**Sent:** Saturday, July 18, 2015 10:27 PM
**To:** Michael A. Amon
**Cc:** Gill Sperlein; SPERLEIN GILL; Jonathan Singer; John M. Farrell; Michael Kane
**Subject:** Re: Allergan v. FFC et al, Case No. 15-CV-00992: Discovery Requests

Michael,

I do not recall us having a Rule 26 conference, and thus discovery has not opened.  Can you please re-serve these once that has happened?

_____
**Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Email: mjr@randazza.com
Firm Offices - Las Vegas | Philadelphia | San Francisco | Miami
_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

> On Jul 17, 2015, at 11:58 PM, Michael A. Amon <Amon@fr.com> wrote:
>
> Dear Marc and Gill:
>
> Attached for service are discovery requests directed to FFC and Mr. Barnes.  We are also serving these via certified U.S. Mail.
>
> Please let us know if you are amendable to an email service agreement for documents not filed with the Court going forward.
>
> Thanks in advance,
> Mike
>
> **Michael Amon** :: Principal
>
> Fish & Richardson P.C.
> +1-858-678-4708 direct :: 619-865-7095 mobile :: amon@fr.com
> fr.com

```
**********************************************************************
*************************************************
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized use or
disclosure is prohibited. If you are not the intended recipient, please
contact the sender by reply email and destroy all copies of the original
message.
```

```
********************************************************************************
***************************************************   <2015-07-17 Allergan RFP
FFC - Set One 1-33.pdf><2015-07-17 Allergan Rogs Barnes - Set One 1-9.pdf>
<2015-07-16 Allergan Rogs FFC - Set One 1-12.pdf><2015-07-17 Allergan RFP
Barnes - Set One 1-33.pdf>
```

```
***********************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
***********************************************************************************
**************************************
```

```
***********************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
***********************************************************************************
**************************************
```